UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

IN RE:

VERNON GENE GOOSEN,

    Debtor.
_____/

Case No. 09-01935-jrh
Chapter 13 Filed: 02/25/09
Converted to Chapter 11: 12/15/09
Converted to Chapter 7: 02/03/10

HON. JEFFREY R. HUGHES
U.S. Bankruptcy Judge

VERNON GOOSEN and REBECCA GOOSEN,

    Plaintiffs,

v.

INDEPENDENT BANK and FIFTH THIRD BANK,

    Defendants.
_____/

Adv. Pro. Case No. 09-80569-jrh

JOHN A. PORTER, TRUSTEE,

    Plaintiff,

v.

FIFTH THIRD BANK, INDEPENDENT BANK, VERNON G. GOOSEN, and REBECCA K. GOOSEN,

    Defendants.
_____/

Adv. Pro. Case No. 10-80434-jrh

## MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST FIFTH THIRD BANK

    John A. Porter, Chapter 7 Trustee, through his attorneys, Foster, Swift, Collins & Smith, P.C., states as follows:

### Background

    1.    Debtor commenced the base bankruptcy proceeding by filing a voluntary Chapter 13 petition on February 25, 2009. Debtor's case was converted to a Chapter 11 case pursuant

to an Order dated December 15, 2009, and was converted to a Chapter 7 case pursuant to an Order dated February 3, 2010.

2. John A. Porter (the "Trustee") was appointed as the Chapter 7 Trustee on February 3, 2010.

3. Debtor, together with his non-filing spouse, Rebecca K. Goosen ("Mrs. Goosen"), commenced Adversary Proceeding Case No. 09-80569-jrh on December 5, 2009 against Independent Bank and Fifth Third Bank.

4. The Trustee commenced Adversary Proceeding Case No. 10-80434-jrh on June 24, 2010, against Debtor, Mrs. Goosen, Independent Bank, and Fifth Third Bank. On the same date, the Trustee filed a Motion to Consolidate.

5. This Court entered an Order consolidating the two adversary proceedings on July 26, 2010.

6. The adversary proceedings involve the competing claims of Debtor, Mrs. Goosen, Independent Bank, and the Trustee to funds that are being held in three of Debtor and Mrs. Goosen's joint bank accounts at Fifth Third Bank.

7. On or about February 20, 2009, Fifth Third Bank placed a permanent hold on the three joint bank accounts, which have the following balances:

    a. Account No. 4122: $903.44

    b. Account No. 2256: $2,616.51

    c. Account No. 5365: $16,935.07

8. On August 27, 2010, the Trustee filed a Motion to Approve Settlement Resolving Consolidated Adversary Proceedings, which requested approval of a Stipulation executed by Debtor, Mrs. Goosen, Independent Bank, and the Trustee. A copy of the Stipulation is attached as Exhibit A.

9. Among other things, the Stipulation provides that Debtor, Mrs. Goosen, Independent Bank, and the Trustee agree that the funds held in Accounts No. 4122, 2256, and 5365 shall be divided as follows:

    a. Mrs. Goosen shall receive the $903.44 in Account No. 4122.

    b. Debtor shall receive the $2,616.51 in Account No. 2256.

    c. Independent Bank shall receive $2,000.00 from Account No. 5365.

    d. The Trustee shall receive the remaining $14,935.07 in Account No. 5365 for the bankruptcy estate.

10. The Stipulation further provides that within ten (10) days after entry of an order approving the Stipulation, the Trustee shall file a motion requesting that this Court enter a default judgment against Fifth Third Bank and requesting that Fifth Third Bank be ordered to pay the funds held in Accounts No. 4122, 2256, and 5365 in the manner set forth in the Stipulation within ten (10) days after entry of the default judgment.

11. This Court entered an Order approving the Stipulation on September 28, 2010.

12. The Trustee brings this Motion for Entry of Default Judgment in accordance with the Stipulation.

**Request for Entry of Default Judgment**

13. Fifth Third Bank has failed to plead or otherwise defend in either of the consolidated adversary proceedings.

14. A default was entered against Fifth Third Bank in Adv. Pro. Case No. 09-80569-jrh on January 21, 2010, and a default was entered against Fifth Third Bank in Adv. Pro. Case No. 10-80434-jrh on August 3, 2010.

15. Upon information and belief, Fifth Third Bank claims no interest in any of the funds in Accounts No. 4122, 2256, and 5365.

16. The Trustee requests that this Court enter a default judgment against Fifth Third Bank pursuant to Fed. R. Bankr. P. 7055.

3

17. The Trustee further requests that this Court order Fifth Third Bank to pay the funds held in Accounts No. 4122, 2256, and 5365 in the manner set forth in the Stipulation within ten (10) days after entry of the default judgment.

WHEREFORE, the Trustee requests that this Court enter a default judgment against Fifth Third Bank ordering Fifth Third Bank to pay the funds held in Accounts No. 4122, 2256, and 5365 in the manner set forth in the Stipulation within ten (10) days after entry of the default judgment and granting the Trustee such other and further relief as may be just and proper.

FOSTER, SWIFT, COLLINS & SMITH, P.C.
*Attorneys for Chapter 7 Trustee*

Dated: October 8, 2010

By: /s/ Laura J. Garlinghouse
Scott H. Hogan (P41921)
Laura J. Garlinghouse (P72278)
1700 East Beltline Avenue, NE, Suite 200
Grand Rapids, MI 49525
(616) 726-2200
lgarlinghouse@fosterswift.com